Filed 3/24/23  P. v. Rivera CA5

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

|  |  |
|---|---|
| THE PEOPLE,<br><br>   Plaintiff and Respondent,<br><br>   v.<br><br>EDGAR NEGRETE RIVERA,<br><br>   Defendant and Appellant. | F084658<br><br>(Tulare Super. Ct. No. VCF241607I)<br><br><br>**OPINION** |

### THE COURT*

APPEAL from an order of the Superior Court of Tulare County.  Antonio A. Reyes, Judge.

Michele A. Douglass, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Michael P. Farrell, Assistant Attorney General, and Julie A. Hokans, Deputy Attorney General, for Plaintiff and Respondent.

-ooOoo-

---

* Before Franson, Acting P. J., Meehan, J. and De Santos, J.

**INTRODUCTION**

In 2011, appellant and defendant Edgar Negrete Rivera (appellant) pleaded no contest to attempted murder, admitted gang and firearm enhancements, and was sentenced to a determinate term of 25 years in prison.

In 2022, appellant filed a petition for resentencing pursuant to Penal Code section 1172.6[1] and asserted he was entitled to relief because he was convicted based on a theory of imputed malice. The trial court summarily denied the petition.

On appeal, the parties agree the matter must be remanded because the trial court should have issued an order to show cause (OSC) and conducted an evidentiary hearing. Accordingly, we reverse and remand.

**FACTUAL AND PROCEDURAL BACKGROUND[2]**

"Reports of the California Department of Justice indicate that in mid-2010, a multi-agency task force conducted continued surveillance and court-ordered electronic interception in an ongoing investigation involving the distribution of drugs in the City of Visalia and the Tulare County area by Felipe Ramirez, a Nuestra Familia gang member, and his associates. Crime reports indicate Mr. Ramirez is a regional commander of the Nuestra Familia in Tulare County. During this surveillance, phone calls were intercepted pertaining to shootings between Norteno and Oriental Troop (OT) gang members on July 27 and July 28, 2010.

"One of those shootings occurred in Visalia on July 28, 2010, in apparent retaliation for a shooting perpetrated on the previous day by a rival gang. On that date,

---

[1] All further statutory citations are to the Penal Code unless otherwise indicated. Appellant filed his petition in 2022 under former section 1170.95, which was renumbered as section 1172.6 without substantive change on June 30, 2022. (*People v. Saibu* (2022) 81 Cal.App.5th 709, 714; Stats. 2022, ch. 58 (Assem. Bill. 200), § 10, eff. June 30, 2022.) As such, we refer to the subject statute by its current number throughout this opinion.

[2] The following factual statement is taken from the probation report to give context to the parties' appellate arguments, but do not rely on the hearsay statements to resolve the prima facie issue in this appeal. (§ 1172.6, subd. (d)(4); *People v. Owens* (2022) 78 Cal.App.5th 1015, 1026.)

2.

several Norteno gang members shot different caliber weapons toward an apartment complex where Oriental Troop (OT) gang members were known to congregate or fired weapons nearby as a distraction for the attempted murder. K.S., age 59, was shot in the chest and D.S., age 17, was shot in the leg. Both victims were taken to Kaweah Delta Hospital for treatment.

"After OT gang members shot at Norteno gang members on July 27, 2010, phone calls between codefendant Joe Dominguez and [appellant] were intercepted. [Appellant] told Mr. Dominguez he would be picking up some guns and lending some of his own firearms for a planned act of retaliation. The two men also discussed organizing other gang members to participate in the retaliatory, drive-by shooting. Further calls between the men involved [appellant] reporting the location of police officers and logistics for the assault. Intercepted calls between the two men on July 28, 2010, involved discussion of getting manpower, transportation and guns ready for the drive-by shooting. On July 29, 2010, [appellant] and Mr. Dominguez were overheard discussing the shooting that occurred late on July 28, 2010."

**The Charges**

On September 14, 2010, a 25-count first amended complaint was filed in the Superior Court of Tulare County charging appellant and nine codefendants with multiple offenses.

As relevant to this case, appellant and codefendants John Anthony Ibarra, Joe Valdez Dominguez, Richard Joseph Mendoza, Augustine Thomas Torres, and Felix Corral Ruiz, II were charged committing the following offenses on or about and between July 27 and 28, 2010: count 22, conspiracy to commit murder (Pen. Code, § 182, subd. (a)(1); § 187); and counts 23 and 24, attempted premeditated murder of, respectively, K.S. and D.S. (§§ 664, 187, subd. (a); § 664, subd. (a)). As to these three counts, it was further alleged the offenses were committed for the benefit of a criminal street gang (§ 186.22, subd. (b)(1)(C)) and carried a life sentence (§ 186.22, subd. (b)(5));

3.

and that a principal personally and intentionally discharged a firearm, a handgun, which proximately caused great bodily injury to the victims (§ 12022.53, subds. (c), (d) & (e)(1)).

Appellant and the same five codefendants were also charged with count 25, shooting at an inhabited dwelling where K.S. lived (§ 246), with the gang enhancement (§ 186.22, subd. (b)(4)), and that a principal personally and intentionally discharged a firearm, a handgun, which proximately caused great bodily injury to K.S. (§ 12022.53, subds. (c), (d) & (e)(1)).

**Appellant's Plea**

On July 5, 2011, the court convened the scheduled preliminary hearing. Appellant was present with his attorney, Mr. Perez, who stated he had asked the district attorney to "consider leaving the offer open" for appellant to plead no contest to nonpremeditated attempted murder for a mitigated term of five years, and additional terms of 10 years for the firearm enhancement and 10 years for the gang enhancement, and the other charges and allegations would be dismissed. Mr. Perez stated the offer had been left open "until this morning," and appellant was prepared to accept it.

The court asked appellant if he had any questions going forward, and appellant said no. The court advised appellant of his constitutional rights and the consequences of his plea, and if he was waiving a preliminary hearing. Appellant waived his rights. In response to the court's questions, appellant stated he had sufficient time to talk to his attorney about the plea, and he was not taking medication or feeling ill to affect his ability to understand the proceedings. The court found he gave knowing and voluntary waivers. The parties stipulated to the police reports as stating the factual basis for the plea.

Appellant pleaded no contest to the amended allegations as follows: count 23, attempted murder of K.S. and D.S. (§§ 664, 187, subd. (a)), but he did not admit the

4.

premeditation allegation; the gang enhancement (§ 186.22, subd. (b)(1)(C); and admitted the amended enhancement that he personally used a firearm (§ 12022.53, subd. (b)).

**Motion to Withdraw Plea and Sentencing Hearing**

On November 8, 2011, the court convened the sentencing hearing.

Appellant appeared with a new attorney, Mr. Alcantar, who moved to withdraw his plea based on the claim that appellant did not have sufficient time to discuss the plea with his attorney. The court denied the motion because it "specifically recalled that his prior attorney, Mr. Perez, asked to continue the matter so that he could talk further with his client before we went forward with any change of plea. I granted that. [¶] And then we came back to court on July 5th. And then [appellant] was asked questions by the Court that are contained in the transcript," specifically whether he had enough time to talk to his attorney about the plea, and appellant said, " 'Yes, sir.' "

The court sentenced appellant to an aggregate term of 25 years consistent with the plea agreement based on the lower term of five years for attempted murder, plus consecutive terms of 10 years for the gang enhancement and 10 years for the personal use enhancement.[3]

## APPELLANT'S PETITION FOR RESENTENCING

On March 10, 2022, appellant filed a petition for resentencing of his attempted murder conviction pursuant to section 1172.6 and requested appointment of counsel.

Appellant filed a supporting declaration that consisted of a preprinted form where he checked boxes that (1) he was eligible for resentencing because a complaint, information, or indictment was filed that allowed the prosecution to proceed under a theory of felony murder, murder under the natural and probable consequences doctrine or other theory under which malice is imputed to a person based solely on that person's

---

[3] In pronouncing sentence, the court erroneously stated that it was imposing a consecutive term of five years for the personal use enhancement, but the error was corrected in the minute order and abstract of judgment to state the term was 10 years.

participation in a crime, or attempted murder under the natural and probable consequences doctrine; (2) he was convicted of murder, attempted murder, or manslaughter following a trial, or accepted a plea offer in lieu of a trial in which he could have been convicted of murder or manslaughter; and (3) he could not presently be convicted of murder or attempted murder because of changes made to sections 188 and 189, effective January 1, 2019.

**The court's first summary denial**

On or about March 15, 2022, Judge Reyes filed an order that summarily denied appellant's petition.

> "This was a gang conspiracy case. [Appellant] was involved in the planning and execution of a retaliatory gang shooting in which he procured weapons, and logistics of the crime."

There is no proof of service attached to the court's order.

**Appellant's Motion for a Ruling**

On or about June 17, 2022, appellant filed a motion for the trial court to rule upon his petition for resentencing that was filed on March 10, 2022. In a supporting declaration, appellant stated he had not received any type of notice that his pending petition had been received or filed, counsel had been appointed, or that the court had issued a ruling, and requested the court do so. Appellant also attached a copy of his original petition.

Upon receipt of appellant's motion, the trial court stamped his original petition as being filed on June 17, 2022, and apparently treated it as a new petition.

**The Court's Second Summary Denial**

On or about June 21, 2022, Judge Reyes filed an order summarily denying what it apparently believed was appellant's second section 1172.6 petition. The court stated, "[Appellant] plead[ed] pursuant to a plea bargain for conspiracy counts of attempted murder and gang allegations."

6.

On July 18, 2022, appellant filed a notice of appeal of the trial court's denial of his petition on June 21, 2022.

## DISCUSSION

### I.    Section 1172.6

We begin with Senate Bill No. 1437's (2017–2018 Reg. Sess.) (Senate Bill 1437) amendments of sections 188 and 189, the enactment of section 1172.6, and subsequent statutory amendments.

"Effective January 1, 2019, Senate Bill No. 1437 (2017–2018 Reg. Sess.) amended the felony-murder rule by adding section 189, subdivision (e). [Citation.]  It provides that a participant in the qualifying felony is liable for felony murder only if the person:  (1) was the actual killer; (2) was not the actual killer but, with the intent to kill, acted as a direct aider and abettor; or (3) was a major participant in the underlying felony and acted with reckless indifference to human life.  [Citation.]  The Legislature also amended the natural and probable consequences doctrine by adding subdivision (a)(3) to section 188, which states that '[m]alice shall not be imputed to a person based solely on his or her participation in a crime.' " (*People v Harden* (2022) 81 Cal.App.5th 45, 50–51; *People v. Strong* (2022) 13 Cal.5th 698, 707–708 (*Strong*).)

"Senate Bill 1437 also created a special procedural mechanism for those convicted under the former law to seek retroactive relief under the law as amended," codified in section 1172.6.  (*Strong, supra*, 13 Cal.5th at p. 708.)  The original version of the statute permitted "a person with an existing conviction for felony murder or murder under the natural and probable consequences doctrine to petition the sentencing court to have the murder conviction vacated and to be resentenced on any remaining counts if he or she could not have been convicted of murder as a result of the other legislative changes implemented by Senate Bill No. 1437." (*People v. Flores* (2020) 44 Cal.App.5th 985, 992.)

7.

Effective January 1, 2022, Senate Bill No. 775 (2020–2021 Reg. Sess.) (Senate Bill 775) amended section 1172.6 and " '[c]larifie[d] that persons who were convicted of attempted murder or manslaughter under a theory of felony murder and the natural [and] probable consequences doctrine are permitted the same relief as those persons convicted of murder under the same theories.' " (*People v. Birdsall* (2022) 77 Cal.App.5th 859, 865, fn. 18; *People v. Vizcarra* (2022) 84 Cal.App.5th 377, 388.)

Section 1172.6, subdivision (a) thus states:

"(a) A person convicted of felony murder or murder under the natural and probable consequences doctrine or other theory under which malice is imputed to a person based solely on that person's participation in a crime, *attempted murder under the natural and probable consequences doctrine,* or manslaughter may file a petition with the court that sentenced the petitioner to have the petitioner's murder, attempted murder, or manslaughter conviction vacated and to be resentenced on any remaining counts when all of the following conditions apply:

"(1) A complaint, information, or indictment was filed against the petitioner that allowed the prosecution to proceed under a theory of felony murder, murder under the natural and probable consequences doctrine or other theory under which malice is imputed to a person based solely on that person's participation in a crime, or attempted murder under the natural and probable consequences doctrine.

"(2) The petitioner was convicted of murder, attempted murder, or manslaughter following a trial or accepted a plea offer in lieu of a trial at which the petitioner could have been convicted of murder or attempted murder.

"(3) The petitioner could not presently be convicted of murder or attempted murder because of changes to Section 188 or 189 made effective January 1, 2019." (§ 1172.6, subd. (a), italics added.)[4]

The court shall appoint counsel if requested by petitioner. (§ 1172.6, subd. (b)(3).) After service of the petition, the prosecutor shall file and serve a response. The petitioner may file and serve a reply after the response is served. (*Id.*, subd. (c).)

---

[4] While not applicable herein, section 189 was amended to allow for felony-murder liability where the victim is a peace officer. (§ 189, subd. (f).)

8.

"After the parties have had an opportunity to submit briefings, the court shall hold a hearing to determine whether the petitioner has made a prima facie case for relief. If the petitioner makes a prima facie showing that the petitioner is entitled to relief, the court shall issue an order to show cause. If the court declines to make an order to show cause, it shall provide a statement fully setting forth its reasons for doing so." (§ 1172.6, subd. (c).)

If an OSC is issued, "the court shall hold a hearing to determine whether to vacate the murder, attempted murder, or manslaughter conviction and to recall the sentence and resentence the petitioner on any remaining counts in the same manner as if the petitioner had not previously been sentenced, provided that the new sentence, if any, is not greater than the initial sentence...." (§ 1172.6, subd. (d)(1).)

"At the hearing to determine whether the petitioner is entitled to relief, the burden of proof shall be on the prosecution to prove, beyond a reasonable doubt, that the petitioner is guilty of murder or attempted murder under California law as amended by the changes to Section 188 or 189 made effective January 1, 2019. The admission of evidence in the hearing shall be governed by the Evidence Code, except that the court may consider evidence previously admitted at any prior hearing or trial that is admissible under current law, including witness testimony, stipulated evidence, and matters judicially noticed. The court may also consider the procedural history of the case recited in any prior appellate opinion. However, hearsay evidence that was admitted in a preliminary hearing pursuant to subdivision (b) of Section 872 shall be excluded from the hearing as hearsay, unless the evidence is admissible pursuant to another exception to the hearsay rule. The prosecutor and the petitioner may also offer new or additional evidence to meet their respective burdens...." (§ 1172.6, subd. (d)(3).)[5]

---

[5] "If such evidence may not be considered at an evidentiary hearing to determine a petitioner's ultimate eligibility for resentencing, we fail to see how such evidence could establish, as a matter of law, a petitioner's ineligibility for resentencing" in determining

9.

The prima facie determination is a question of law, and the trial court may deny a petition at the prima facie stage if the petitioner is ineligible for resentencing as a matter of law. (*People v. Lewis* (2021) 11 Cal.5th 952, 966 (*Lewis*).)

*Lewis* announced a prejudicial error standard under *People v. Watson* (1956) 46 Cal.2d 818, that if the court failed to appoint counsel or violated the petitioner's statutory rights under former section 1170.95, the petitioner must "therefore 'demonstrate there is a reasonable probability that in the absence of the error he [or she] ... would have obtained a more favorable result.' " (*Lewis, supra*, 11 Cal.5th at p. 974.) To demonstrate prejudice from the denial of a former section 1170.95 petition before the issuance of an OSC, the petitioner must show it is reasonably probable that, absent error, his or her petition would not have been summarily denied without an evidentiary hearing. (*Lewis,* at pp. 972–974; see *People v. Watson, supra*, 46 Cal.2d at p. 836.)

## II. Appellant's Successive Petitions and His Notice of Appeal

We start with the procedural history of how the trial court treated appellant's petitions for resentencing, and the timing of when he filed his notice of appeal.

A petitioner may file successive petitions for resentencing pursuant to section 1172.6 under certain circumstances, including if the subsequent petitions are based on new legal authority. (*People v. Farfan* (2021) 71 Cal.App.5th 942, 946–947, 950–951.) In this case, however, appellant did not file successive petitions based on a change in law. Instead, he filed his first petition in March 2022. Based on his declaration, appellant did not receive notice the petition had been filed, counsel had been appointed, or the trial court ruled upon it. As a result, he filed the motion in June 2022, requesting the trial court to rule on what he believed was his still-pending petition, with his supporting declaration explaining the procedural background of his petition.

whether he made a prima facie case for relief. (*People v. Flores* (2022) 76 Cal.App.5th 974, 988, fn. omitted.)

10.

On or about March 15, 2022, the trial court had filed the summary denial of appellant's section 1172.6 petition, but appellant's motion and declaration raise the strong inference that he was never notified or served with the court's order. Upon receiving appellant's motion in June 2022, that requested the trial court to rule upon his section 1172.6 petition, the court should have sent appellant the order that had summarily denied his petition.

Instead of clarifying the matter, however, the trial court instead treated appellant's motion as a new section 1172.6 petition for resentencing and filed another order in June 2022 that again summarily denied relief. Having finally received notice that the petition was denied, appellant filed a notice of appeal on July 18, 2022.

As noted by the People, appellant's notice of appeal could be considered untimely since it was filed nearly four months after the court's denial of his original petition in March 2022, but there is no evidence that appellant was served with a copy of the court's first order. We agree with the People that it is appropriate to consider his notice of appeal to be from the court's second denial of the same motion on June 21, 2022, so that it was timely filed.

## III. The Court's Summary Denial

The court herein failed to comply with section 1172.6 when it denied both of appellant's petitions without granting his request for appointment of counsel, inviting further briefing, or conducting a hearing as to whether he stated a prima facie case for relief and an OSC should be issued.

The court also violated section 1172.6 by making factual findings when it declined to issue an OSC. While the court gave reasons for denying both petitions, it made factual findings that were inaccurate and refuted by the limited record. In its first order, the court stated "[t]his was a gang conspiracy case" and appellant was involved in the planning and execution of a retaliatory gang shooting. When the court summarily denied what it

11.

believed was a second petition, it found appellant pleaded "pursuant to a plea bargain for conspiracy counts of attempted murder and gang allegations."

The court's failure to comply with the statutory requirements of section 1172.6 is not prejudicial unless the petitioner shows it is reasonably probable that, absent error, his or her petition would not have been summarily denied without an evidentiary hearing. (*Lewis, supra*, 11 Cal.5th at pp. 972–974; see *People v. Watson, supra*, 46 Cal.2d at p. 836.) In determining whether a petitioner made a prima facie case for relief, the court may review the record of conviction. (*Lewis,* at pp. 971–972 & fn. 6.) The record of conviction allows the court "to distinguish petitions with potential merit from those that are clearly meritless. This is consistent with the statute's overall purpose: to ensure that … culpability is commensurate with a person's actions, while also ensuring that clearly meritless petitions can be efficiently addressed as part of a single-step prima facie review process." (*Id.* at p. 971.)

While appellant was originally charged with conspiracy to commit murder, he did not plead to that offense, he only pleaded to attempted murder, and the conspiracy charge was dismissed as part of the plea agreement. In addition, the instant record does not contain any nonhearsay admissible evidence as to the circumstances surrounding the attempted murder conviction to find that appellant was ineligible for relief as a matter of law.

Based on the limited record before this court, we cannot say the court's failure to comply with section 1172.6 was not prejudicial. As conceded by the People, appellant's petition stated a prima facie case for relief, and the matter must be remanded for an OSC and an evidentiary hearing.

### DISPOSITION

The court's order that summarily denied appellant's petition for resentencing of his attempted murder conviction is reversed and the matter remanded for the trial court to

appoint counsel and conduct further appropriate proceedings consistent with the provisions of section 1172.6.